Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| IRMA CASTRO RIVERA TAMBIÉN CONOCIDA COMO IRMA SIACA, Y CARLOS RAFAEL CASTRO RIVERA<br><br>Apelados<br><br>v.<br><br>TAÍNA RACHELL BERMÚDEZ COCHRAN<br><br>Apelante | KLAN202401091 | *APELACIÓN* procedente del Tribunal de Primera Instancia, Sala Superior de Salinas<br><br>Caso número: SA2023CV00256<br><br>Sobre: Desahucio en precario |

Panel integrado por su presidenta, la jueza Ortiz Flores, la juez Aldebol Mora y la jueza Boria Vizcarrondo.

Aldebol Mora, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 4 de febrero de 2025.

Comparece la parte apelante, Taína R. Bermúdez Cochran, y nos solicita que revoquemos la *Sentencia* emitida por el Tribunal de Primera Instancia, Sala Superior de Salinas, el 30 de septiembre de 2024, notificada el 1 de octubre del mismo año. Mediante dicho dictamen, el foro primario declaró Ha Lugar la acción de epígrafe incoada por la parte apelada, Irma Castro Rivera y Carlos Rafael Castro Rivera. A su vez, declaró No Ha Lugar la reconvención instada por la parte apelante.

Por los fundamentos que exponemos a continuación, se modifica el dictamen apelado y, así modificado, se confirma.

**I**

El 11 de agosto de 2023, Irma Castro Rivera, conocida como Irma Siaca, y Carlos Rafael Castro Rivera[1] (apelados) incoaron una *Demanda* sobre desahucio en precario en contra de Taína Rachell

---

[1] Cabe destacar que la acción de epígrafe fue enmendada el 2 de septiembre de 2023, a los únicos efectos de añadir como codemandante a Carlos Rafael Castro Rivera. Véase, Entrada Núm. 15 del Caso Núm. SA2023CV00256 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).

Bermúdez Cochran (Bermúdez Cochran o apelante).[2] Indicaron ser codueños de una propiedad sita en Salinas, la cual forma parte de una comunidad hereditaria. Alegaron que Bermúdez Cochran ocupaba la referida propiedad sin autorización para ello y sin pagar canon de arrendamiento alguno. En vista de ello, solicitaron que se ordenara el desalojo de Bermúdez Cochran de la propiedad.

Por su parte, el 28 de agosto de 2023, Bermúdez Cochran presentó su alegación responsiva mediante la cual, en esencia, arguyó que había adquirido el inmueble en cuestión por prescripción adquisitiva.[3] A su vez, instó una *Reconvención* en la cual detalló su defensa de usucapión y solicitó ser declarada dueña del inmueble.[4] En específico, desglosó las siguientes alegaciones:

1. Los reconvencionados Virginia Rodríguez Rivera, Carlos Castro Rivera, Wilfredo Castro Rivera, Carlos Rafael Castro Rivera, por ser codueños del inmueble, se hacen parte del presente pleito al amparo de las [R]eglas 11.7, 16 y 17 [de Procedimiento Civil, 32 LPRA Ap. V, R. 11.7, 16 y 17,] por tratarse de partes indispensables.
2. Virginia Rodríguez Rivera, Carlos Castro Rivera, Wilfredo Castro Rivera, Carlos Rafael Castro Rivera, no se encuentran en el pleito[,] por lo que se aneja a esta reconvención proyectos de emplazamientos para notificarles de la presente reconvención[,] cónsono con el [d]ebido [p]roceso de [l]ey que garantiza nuestra [C]onstitución.
3. La parte reconvencionada son hijos de Doña Juana Rivera Morales t/c/c Juana Morales y Don Félix Rivera Semidey t/c/c Félix Rivera. Ver anejo 1, resolución de herederos.
4. Doña Juana Rivera Morales t/c/c Juana Morales y Don Félix Rivera Semidey t/c/c Félix Rivera, eran dueños de un inmueble de construcción mixta, que ubica en: calle Luz Montesoria I[,] casa 746[,] Aguirre, PR 00704.
5. Dicho inmueble, es el inmueble objeto de la controversia que se plantea en la demanda sobre desahucio, en el presente caso.

---

[2] Anejo 1 del recurso, págs. 1-2. Es importante reseñar que el Tribunal de Primera Instancia, sin objeción de las partes, convirtió en corte abierta el procedimiento en uno ordinario, ya que las partes le habían dado ese trámite, aunque ello no constaba mediante resolución previa. Véase, Anejo 6 del recurso, pág. 17. Escúchese, además, el minuto dos (00:02:00) de la regrabación del juicio en su fondo.

[3] Anejo 2 del recurso, págs. 3-4. Precisa señalar que, el 10 de octubre de 2023, Bermúdez Cochran contestó la *Demanda Enmendada*. Véase, Entrada Núm. 20 del Caso Núm. SA2023CV00256 en el SUMAC.

[4] Íd., págs. 5-7.

6. Don Félix Rivera Semidey t/c/c Félix Rivera, vivió en el inmueble objeto de la demanda hasta el momento de su muerte, para el año 1990.

7. Los gastos fúnebres de quien fuera en vida Don Félix Rivera Semidey t/c/c Félix Rivera fueron pagados por Don Ángel Rafael Cruz Colón, quien una vez realizó el pago, se comunicó con uno(a) de los herederos(as) de Don Félix Rivera Semidey t/c/c Félix Rivera, para recuperar lo pagado, quien le informó que no le iban a pagar y que hiciera con la casa, *[sic]* lo que quisiera.

8. Desde el año 1990, Don Ángel Rafael Cruz Colón comenzó a poseer el inmueble [en] concepto de dueño, de manera pública, pacífica y continua.

9. A principio del año 1993, Don Ángel Rafael Cruz Colón, le informó a la madre de la demandada la Sra. Ta[í]na Cochran Fernández, que le cedería sus derechos sobre el inmueble, a favor de su hija, la parte demandada.

10. En atención a esto, el día 5 de febrero de 1993, prestó una declaración jurada ratificando lo que manifestó y cediendo sus derechos a favor de la parte demandada.

11. La madre de la demandada[,] la Sra. Ta[í]na Cochran Fernández, el día 6 de febrero de 1993, tomó posesión del inmueble y comenzó a ocuparlo junto a la parte demandada, en concepto de dueña, de manera pública, pacífica y continua hasta el año 2010, estos actos aprovecharon y beneficiaron a su hija quien es la cesionaria de Don Ángel Rafael Cruz Colón.

12. Cuando la parte demandada se independizó, continuó ocupando el inmueble sin la presencia de su madre en concepto de dueña, de manera pública, pacífica y continua, hasta el presente.

13. La madre de la parte demandada durante casi 20 años hizo actos de dominio en concepto de dueña sobre la propiedad, que aprovecharon a su hija, la demandada reconvencionista. Estas vivían el inmueble, invitaban al inmueble [a] familiares y amigos, limpiaban sus alrededores, pagaban las utilidades, pintaban la casa, le hicieron las reparaciones necesarias y la madre crió a sus hijos en el inmueble.

14. Posteriormente, la demandada, a partir del año 2010, hizo actos de dominio en concepto de dueña sobre la propiedad. Esta[s], vivían el inmueble, invitaban al inmueble [a] familiares y amigos, limpiaban sus alrededores, pagaban las utilidades, pintaban la casa, le hizo las reparaciones necesarias y agrandó el inmueble al construirle un cuarto[;] además, ha criado sus hijos en el inmueble.

15. No ha habido interrupción de la posesión del inmueble antes de que se concretara la prescripción adquisitiva.

16. La parte demandada reconvencionista, por el tiempo que ha ocupado el inmueble, en concepto de dueña, de manera pública, pacífica y continua, tiempo que suma más de 30 años, ha ganado la titularidad del inmueble por prescripción adquisitiva.

En respuesta, el 1 de noviembre de 2023, los apelados contestaron la *Reconvención*.[5] En síntesis, negaron las alegaciones en su contra y plantearon que la mencionada propiedad no había sido habitada de forma continua. Según adujeron, Bermúdez Cochran había estado viviendo fuera de Puerto Rico desde el año 2017, luego del paso del huracán María. En particular, contestaron la *Reconvención* de la siguiente forma:

1. El expositivo número 1 se acepta tal y como redactado.
2. El expositivo número 2 ni se acepta ni se niega. Es una solicitud que no hace referencia a los comparecientes.
3. El expositivo número 3 se acepta tal y como redactado.
4. El expositivo número 4 se acepta titularidad de los causantes. La dirección física conocida por los comparecientes es: Barrio Aguirre, Calle Luz #746, Salinas, Puerto Rico.
5. El expositivo número 5 se acepta tal y como redactado.
6. El expositivo número 6 se acepta.
7. El expositivo número 7 se niega tal y como redact[ado]. La co demandante Irma Castro Rivera le envió el pago de los gastos fúnebres al Sr. Ángel Rafael Cruz Colón, a través del co demandante Carlos Rafael Castro Rivera y este se negó a recibirlo.
8. El expositivo número 8 se niega tal y como redactado, por falta de información que corrobore lo alegado.
9. El expositivo número 9 se niega tal y como redactado, por falta de información que corrobore lo alegado.
10. El expositivo número 10 se niega tal y como redactado, por falta de información que corrobore lo alegado.
11. El expositivo número 11 se niega tal y como redactado, por falta de información que corrobore lo alegado.
12. El expositivo número 12 se niega tal y como redactado. La parte demandada no ha residido la propiedad de manera continua. Esta ha vivido fuera de Puerto Rico durante los pasados años, desde el año 2017, luego del Huracán María. La propiedad ha estado inhabitada.
13. El expositivo número 13 se niega tal y como redactado, por falta de información que corrobore lo alegado.
14. El expositivo número 14 se niega tal y como redactado[.] La parte demandada no ha residido la propiedad de manera continua. Esta ha vivido fuera de Puerto Rico durante los pasados años, desde el

---

[5] Anejo 4 del recurso, págs. 10-12.

año 2017, luego del Huracán María. La propiedad ha estado inhabitada.

15. El expositivo número 15 se niega tal y como redactado, por falta de información que corrobore lo alegado.

16. El expositivo número 16 se niega tal y como redactado, por falta de información que corrobore lo alegado.

Así las cosas, y luego de varias incidencias procesales, el 17 de junio de 2024, se celebró el juicio en su fondo. En lo aquí atinente, surge de la *Minuta* que, el representante legal de Bermúdez Cochran solicitó que las alegaciones responsivas a la reconvención números 8, 9, 10, 11, 13 y 15 se dieran por admitidas, al amparo de la Regla 6.2(c) de Procedimiento Civil, 32 LPRA Ap. V, R. 6.2(c).[6] La otra parte se opuso y el foro juzgador se expresó en torno a lo establecido por la precitada regla. Sometido el caso por la parte apelada, y pendiente la *Reconvención*, la representación legal de Bermúdez Cochran argumentó que, habiéndose admitido las mencionadas alegaciones de la reconvención, no estaba obligada a presentar prueba al respecto. Ante la oposición de la parte apelada, el foro sentenciador expresó que la prueba tenía que ser aquilatada, tanto con la prueba testifical como con la documental, por lo que determinó que se continuaría con el desfile de prueba. Culminado el desfile de prueba, se dio por sometido el caso.

Evaluadas las posturas de las partes, el 30 de septiembre de 2024, notificada el 1 de octubre del mismo año, el Tribunal de Primera Instancia emitió la *Sentencia* que nos ocupa, mediante la cual declaró Ha Lugar la demanda de epígrafe y, a su vez, declaró No Ha Lugar la *Reconvención*.[7] En particular, desglosó las siguientes determinaciones de hechos:

1. El caso de autos fue convertido al procedimiento ordinario, por anuencia de ambas partes, previo al desfile de [la] prueba.

2. La parte demandante son coherederos *[sic]* de la Sucesión de Juana Rivera Morales, según la

---

[6] Anejo 5 del recurso, págs. 13-16.
[7] Anejo 6 del recurso, págs. 17-24.

Resolución emitida por este [t]ribunal, en el [C]aso [Núm.] SA2023CV00022. Exhibit I por Estipulación, Resolución sobre Declaratoria de Herederos.

3. La propiedad en controversia ubica *[sic]* en el Barrio Aguirre, Calle Luz #746[,] en Salinas, Puerto Rico.

4. La propiedad consta inscrita en el Registro de la Propiedad de Guayama, como la Finca [Núm.] 5,436, del Tomo 152, Folio 163 de Salinas, a nombre de Félix Rivera Semidey y Juana Rivera Morales. Exhibit III por Estipulación, Estudio de Título.

5. La Sra. Juana Rivera Morales falleció el 23 de abril de 1984, en Ponce, Puerto Rico, quedando su esposo Félix Rivera Semidey residiendo en la propiedad.

6. El Sr. Félix Rivera Semidey falleció el 12 de diciembre de 1990, en Guayama, Puerto Rico. Exhibit V por Estipulación, Certificado de Defunción.

7. El Sr. Ángel Rafael Cruz Colón juramentó [una] [d]eclaración, el 5 de febrero de 1993, haciendo constar que cedía sus derechos sobre el solar número 174, de Aguirre en Salinas[,] a favor de Ta[í]na Richelle Bermúdez Cochran, cuya residencia era en la Calle 7 #746, de Aguirre, Puerto Rico. Exhibit VII por Estipulación, Declaración Jurada.

8. El Sr. Ángel Rafael Cruz Colón no figuraba como dueño registral de la propiedad en controversia, a la fecha en que prestó la Declaración Jurada.

9. La Sra. Ta[í]na Cochran Fernández ocupó la propiedad objeto de este pleito, a sugerencia del Sr. Ángel Rafael Cruz Col[ó]n.

10. La Sra. Ta[í]na Cochran Fernández obtuvo el servicio de energía eléctrica a su nombre el 2 de febrero de 1993, en la propiedad en controversia y lo mantuvo hasta el 6 de junio de 2007. Exhibit VI-A, Certificación de LUMA.

11. La codemandante Irma Castro Rivera[,] ni alguno de los miembros de la Sucn. Juana Rivera Morales[,] autorizaron a la Sra. Ta[í]na Cochran Fernández a ocupar la propiedad en controversia.

12. La Sra. Ta[í]na Cochran Fernández*, [sic]* se mudó de la propiedad, luego de adquirir una vivienda en la Barriada López en Salinas, Puerto Rico, en el año 2007.

13. La propiedad de la Calle Luz #746, en Aguirre no tuvo servicio de energía eléctrica desde el 2 de junio de 2007 hasta el 27 de noviembre de 2013. Exhibit VI-C, Certificación de LUMA.

14. La parte demandada Ta[í]na Richelle Bermúdez Cochran residió [en] la propiedad junto a su madre Ta[í]na Cochran Fernández y su hermano menor desde comienzos del año 1993 hasta el año 2007, momento en el que se mudaron a la Barriada López.

15. La parte demandada Ta[í]na Richelle Bermúdez Cochran se mudó a la propiedad en controversia en

el año 2013, según la credibilidad que nos mereció su testimonio.

16. La codemandante Irma Castro Rivera, *[sic]* se personó a la propiedad para el año 2015 y allí habló con la demandada Ta[í]na Richelle Bermúdez Cochran, quien la comunicó por teléfono con su madre Ta[í]na Cochran Fernández. La Sra. Castro Rivera le solicitó la devolución de la propiedad y le concedió el término de un año para la entrega de la propiedad.

17. La parte demandada Ta[í]na Richelle Bermúdez Cochran ocupó la propiedad junto a tres de sus hijos y su compañero, hasta octubre del año 2017, momento en que se relocaliza en el Estado de Florida, luego del paso del Huracán María. Esta testificó que se mudó para continuar el tratamiento y las terapias de uno de sus hijos.

18. La parte demandada Ta[í]na Richelle Bermúdez Cochran continúa siendo residente de Palm Bay, Florida, hasta el presente.

19. La parte demandada Ta[í]na Richelle Bermúdez Cochran no posee a su nombre el servicio de energía eléctrica de la propiedad.

20. El inmueble ubicado en el Barrio Aguirre, Calle Luz #746 en Salinas, Puerto Rico[,] no es el hogar principal de Ta[í]na Richelle Bermúdez Cochran.[8]

El foro primario expresó que la prueba testifical y documental presentada por la parte apelada demostró, entre otras cosas, que esta no autorizó a Bermúdez Cochran ni a su madre a ocupar la propiedad en controversia y que le requirió personalmente la devolución del inmueble en el año 2015. Detalló que el testimonio de Bermúdez Cochran y su madre, en cuanto a la posesión continua, pública e ininterrumpida de la propiedad, por el término alegado de más de treinta (30) años, no le mereció credibilidad. Determinó que la ocupación del inmueble por la madre de Bermúdez Cochran fue por el término de catorce (14) años (1993 al 2007), mientras que Bermúdez Cochran había ocupado la propiedad por cuatro (4) años (2013 al 2017), para luego relocalizarse permanentemente a los Estados Unidos. Enfatizó que los testimonios de Bermúdez Cochran y su única testigo resultaron incongruentes e inverosímiles sobre la forma ininterrumpida en que habían ocupado el inmueble, no

---

[8] Anejo 6 del recurso, págs. 17-19.

probando así lo alegado en la *Reconvención*. En virtud de ello, el tribunal apelado le adjudicó entera credibilidad al testimonio de la testigo de la parte apelada.

En desacuerdo, el 16 de octubre de 2024, Bermúdez Cochran presentó una *Moción para Solicitar Reconsideración*,[9] a la cual los apelados se opusieron el 31 del mismo mes y año.[10] Atendidas las mociones, el 6 de noviembre de 2024, el foro *a quo* declaró No Ha Lugar la solicitud de reconsideración.[11]

Inconforme, el 6 de diciembre de 2024, la parte apelante acudió ante esta Curia mediante el recurso de epígrafe y señaló los siguientes errores:

> Erró el TRPI *[sic]* y abusó de sus *[sic]* discreción al no dar por admitida la alegación número 16 de la reconvención[,] a pesar de la parte rec[u]rrida no contestarla.

> Erró el TPI y abusó de su discrección *[sic]* al no declarar con lugar la reconvención[,] a pesar de haber dado por admitidas las alegaciones de la misma, que probaban la adquisición por prescripción adquisitiva.

Evaluado lo anterior, el 10 de diciembre de 2024, ordenamos a la parte apelada a presentar su alegato en oposición conforme a la Regla 22 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 22. Ha transcurrido mayor término a lo concedido sin que la parte apelada haya acreditado escrito alguno ante esta Curia, por lo que, según advertido, procedemos a resolver sin el beneficio de su comparecencia.

**II**

**A**

La Regla 6.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 6.2, establece las normas concernientes a la presentación de alegaciones responsivas. La precitada regla requiere que la parte contra quien

---

[9] Anejo 7 del recurso, págs. 25-29.
[10] Anejo 8 del recurso, págs. 30-33.
[11] Anejo 9 del recurso, pág. 34.

se solicite un remedio presente su alegación responsiva mediante la cual admitirá o negará las aseveraciones en las que descansa la parte contraria. A su vez, dicha parte expondrá sus defensas, respaldándolas con una relación de los hechos que demuestren su justificación. Frente al incumplimiento con las disposiciones de esta regla, procede que el tribunal –*motu proprio* o a solicitud de parte– emita una orden destinada a que la parte demandada/reconvenida cumpla con los requisitos establecidos en el inciso (a) de la regla.

Ahora bien, si la parte no tiene el conocimiento o la información suficiente en ese momento para formar una opinión en cuanto a la veracidad de alguna de las aseveraciones expuestas, así lo hará constar. Ante ese escenario, dicha parte está obligada a investigar la veracidad o falsedad de la aseveración negada por falta de información y conocimiento. Una vez tenga la información correspondiente, la mencionada parte tiene la obligación de enmendar su alegación dentro del término que fije el tribunal. Si la alegación no se enmienda para admitir o negar las aseveraciones negadas por falta de información y conocimiento, estas se considerarán admitidas.

Cónsono con lo anterior, la Regla 6.2 de Procedimiento Civil, *supra,* dispone lo siguiente:

(a) La parte a quien corresponda presentar una alegación responsiva admitirá o negará las aseveraciones en que descanse la parte contraria y expondrá sus defensas contra cada reclamación interpuesta, junto con una relación de los hechos demostrativos de que le asisten tales defensas.

(b) En caso de que la parte que presente una alegación responsiva incumpla total o parcialmente con los requisitos impuestos en el inciso (a) de esta regla, el tribunal, a iniciativa propia o a solicitud de parte, podrá dictar una orden para requerirle que satisfaga las exigencias de dicho inciso.

(c) Si la parte no tiene el conocimiento o la información suficiente para formar una opinión en cuanto a la veracidad de alguna de las aseveraciones expuestas, por tratarse de hechos que no pueden constatarse dentro del término concedido para contestar, así lo

hará constar. **La parte que proceda de este modo estará obligada a investigar la veracidad o falsedad de la aseveración negada por falta de información y conocimiento, y a enmendar su alegación dentro del término que fije el tribunal en la conferencia inicial o, en o antes de la fecha señalada para la conferencia con antelación al juicio.** Si a la parte respondiente no le es posible constar las aseveraciones así negadas, luego del uso de los métodos de descubrimiento disponibles y de otras diligencias razonables, deberá enmendar su alegación para negarla. **Si la alegación no se enmienda para admitir o negar las aseveraciones negadas por falta de información y conocimiento, [e]stas se considerarán admitidas.** (Énfasis nuestro).

**B**

Al revisar una determinación de un foro de menor jerarquía, los tribunales revisores tenemos la tarea principal de auscultar si se aplicó correctamente el derecho a los hechos particulares del caso. *Dávila Nieves v. Meléndez Marín*, 187 DPR 750, 770 (2013). Como regla general, los foros apelativos no tenemos facultad para sustituir las determinaciones de hechos del tribunal de instancia con nuestras propias apreciaciones. *BPPR v. SLG Gómez-López*, 2023 TSPR 145, 213 DPR ___ (2023); *Dávila Nieves v. Meléndez Marín*, supra, pág. 771; *Serrano Muñoz v. Auxilio Mutuo*, 171 DPR 717, 741 (2007). De manera que, si la actuación del tribunal no está desprovista de base razonable, ni perjudica los derechos sustanciales de una parte, debe prevalecer el criterio del juez de instancia a quien corresponde la dirección del proceso. *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414 (2013); *Sierra v. Tribunal Superior*, 81 DPR 554, 572 (1959).

Sin embargo, la norma de deferencia esbozada encuentra su excepción y cede cuando la parte promovente demuestra que hubo un craso abuso de discreción, prejuicio, error manifiesto o parcialidad. *BPPR v. SLG Gómez-López*, supra; *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689 (2012). Además, se requiere que nuestra intervención en esta etapa evite un perjuicio sustancial.

*Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).

Por *discreción* se entiende el "tener poder para decidir en una forma u otra, esto es, para escoger entre uno o varios cursos de acción". *García v. Asociación*, 165 DPR 311, 321 (2005), citando a *Pueblo v. Ortega Santiago*, 125 DPR 203, 211 (1990). No obstante, "el adecuado ejercicio de la discreción está inexorable e indefectiblemente atado al concepto de la razonabilidad". *Íd.* A esos efectos, el Tribunal Supremo de Puerto Rico ha indicado cuáles son situaciones que constituyen un abuso de discreción, a saber:

> [C]uando el juez, en la decisión que emite, no toma en cuenta e ignora, sin fundamento para ello, un hecho material importante que no podía ser pasado por alto; cuando por el contrario el juez, sin justificación y fundamento alguno para ello, le concede gran peso y valor a un hecho irrelevante e inmaterial y basa su decisión exclusivamente en el mismo; o cuando, no obstante considerar y tomar en cuenta todos los hechos materiales e importantes y descartar los irrelevantes, el juez livianamente sopesa y calibra los mismos. *Ramírez v. Policía de P.R.*, 158 DPR 320, 340-341 (2002), citando a *Pueblo v. Ortega Santiago*, supra, págs. 211-212. Véase, además, *BPPR v. SLG Gómez-López*, supra.

Así, pues, la discreción no implica que los tribunales puedan actuar de una forma u otra en abstracción del resto del derecho. *Rivera et al. v. Arcos Dorados et al.*, supra. En otras palabras, la discreción no opera en un vacío y tampoco puede ser en "función al antojo o voluntad de uno, sin tasa ni limitación alguna". *BPPR v. SLG Gómez-López*, supra, citando a *SLG Zapata-Rivera v. J.F. Montalvo*, supra.

Esbozada la norma jurídica, procedemos a aplicarla al recurso antes nos.

**III**

La parte apelante plantea en su primer señalamiento de error que el Tribunal de Primera Instancia incidió al no dar por admitida la alegación número 16 de la *Reconvención*, a pesar de que la parte apelada no la contestó oportunamente. Por otro lado, como segundo

y último señalamiento de error, sostiene que el foro primario erró al no declarar Ha Lugar la *Reconvención*, a pesar de haber dado por admitidas las alegaciones esbozadas en esta, las cuales probaban la adquisición de la propiedad en cuestión por la figura de prescripción adquisitiva. No le asiste la razón. Nos explicamos.

En cuanto al primer error señalado, tanto de la *Minuta* del juicio en su fondo celebrado el 17 de junio de 2024, como de la *Sentencia* apelada, surge que la parte apelante solicitó que se dieran por admitidas las alegaciones número 8, 9, 10, 11, 13 y 15 de su *Reconvención*. Asimismo, de la *Minuta* surge que el foro *a quo* dio por admitidas las alegaciones solicitadas, aunque ello no consta expresamente en la determinación aquí apelada. Ahora bien, de la regrabación de la referida vista se desprende claramente que la parte apelante solicitó que también se admitiera la alegación número 16 de la *Reconvención*[12] y el juzgador de los hechos –en corte abierta– la dio por admitida. En específico, luego de darle lectura a la Regla 6.2(c) de Procedimiento Civil, *supra*, el foro sentenciador expresó que, "[c]onforme a ello, [...] se tiene que dar por admitida la [alegación] 8, la 9, la 10, la 11, la 13, la 15 **y la 16**" de la *Reconvención*.[13] En vista de ello, el primer señalamiento de error no se cometió. Sin embargo, procede modificar el dictamen apelado, a los únicos efectos de incluir expresamente que el foro de origen dio por admitidas las alegaciones enumeradas, incluyendo la alegación número 16 de la *Reconvención*.

Superado lo anterior, en cuanto al segundo señalamiento de error, la parte apelante argumenta, en síntesis, que las alegaciones admitidas probaban que había estado en posesión del inmueble –en concepto de dueña– por más de treinta (30) años de manera pública, pacífica e ininterrumpida. Arguye que, conforme a lo establecido por

---

[12] Escúchese la regrabación del juicio en su fondo (1:05:04 – 1:05:07).
[13] Íd. (1:12:37 – 1:12:46). (Énfasis nuestro).

nuestro Tribunal Supremo, no era necesario que presentara prueba al respecto. Alega que procedía dictar sentencia a su favor, según solicitado en el juicio, toda vez que las alegaciones admitidas de la *Reconvención* tenían todos los elementos que probaban la usucapión extraordinaria. Añade que, si bien la parte apelada contestó las alegaciones número 12 y 14 de la *Reconvención,* negando que Bermúdez Cochran estuviera viviendo la propiedad de manera continua, ello no incide en la posesión ininterrumpida, toda vez que la apelada no alegó afirmativamente que Bermúdez Cochran no hubiera poseído la propiedad por más de (1) año.

Según esbozáramos, el Tribunal de Primera Instancia dio por admitidas las siguientes alegaciones de la *Reconvención* instada por la parte apelante, a tenor con lo establecido en la Regla 6.2(c) de Procedimiento Civil, *supra*:

8. Desde el año 1990, Don Ángel Rafael Cruz Colón comenzó a poseer el inmueble [en] concepto de dueño, de manera pública, pacífica y continua.
9. A principio del año 1993, Don Ángel Rafael Cruz Colón, le informó a la madre de la demandada la Sra. Ta[í]na Cochran Fernández, que le cedería sus derechos sobre el inmueble, a favor de su hija, la parte demandada.
10. En atención a esto, el día 5 de febrero de 1993, prestó una declaración jurada ratificando lo que manifestó y cediendo sus derechos a favor de la parte demandada.
11. La madre de la demandada[,] la Sra. Ta[í]na Cochran Fernández, el día 6 de febrero de 1993, tomó posesión del inmueble y comenzó a ocuparlo junto a la parte demandada, en concepto de dueña, de manera pública, pacífica y continua hasta el año 2010, estos actos aprovecharon y beneficiaron a su hija quien es la cesionaria de Don Ángel Rafael Cruz Colón.
12. [...]
13. La madre de la parte demandada durante casi 20 años hizo actos de dominio en concepto de dueña sobre la propiedad, que aprovecharon a su hija, la demandada reconvencionista. Estas vivían el inmueble, invitaban al inmueble [a] familiares y amigos, limpiaban sus alrededores, pagaban las utilidades, pintaban la casa, le hicieron las reparaciones necesarias y la madre crió a sus hijos en el inmueble.
14. [...]

15. No ha habido interrupción de la posesión del inmueble antes de que se concretara la prescripción adquisitiva.

16. La parte demandada reconvencionista, por el tiempo que ha ocupado el inmueble, en concepto de dueña, de manera pública, pacífica y continua, tiempo que suma más de 30 años, ha ganado la titularidad del inmueble por prescripción adquisitiva.[14]

De la regrabación del juicio en su fondo surge que, en efecto, la parte apelante argumentó que, admitidas las citadas alegaciones, no era necesario presentar prueba sobre lo allí alegado. Sin embargo, el juzgador de los hechos enfatizó que, en cuanto a la contestación a la alegación número 14 de la *Reconvención*, el tribunal tenía que aquilatar prueba en conjunto con la prueba testifical presentada por la apelada, así como con la prueba documental estipulada por las partes. En vista de ello, el foro primario declaró No Ha Lugar la solicitud de la apelante y ordenó a que dicha parte comenzara con el desfile de prueba.[15] En particular, la contestación a la alegación número 14 de la *Reconvención* reza como sigue: "El expositivo número 14 se niega tal y como redactado[.] La parte demandada no ha residido la propiedad de manera continua. Esta ha vivido fuera de Puerto Rico durante los pasados años, desde el año 2017, luego del Huracán María. La propiedad ha estado inhabitada".[16]

De lo anterior, colegimos que la alegación número 14 de la *Reconvención*, negada oportunamente por la parte apelada, junto a la demás prueba testifical y documental que el foro de origen tuvo ante sí, puso en controversia la alegada posesión ininterrumpida del inmueble en cuestión por Bermúdez Cochran. Ello, constituye un elemento esencial que debe ser probado por la apelante para que el Tribunal de Primera Instancia esté en posición de conceder el remedio solicitado en la *Reconvención*. Por consiguiente, no resulta

---

[14] Anejo 2 del recurso, págs. 6-7.
[15] Escúchese la regrabación del juicio en su fondo (1:51:00 – 1:51:44).
[16] Anejo 4 del recurso, pág. 11.

contrario a derecho, ni arbitraria, la determinación del foro *a quo* de que la parte apelante desfilara prueba sobre lo planteado en la alegación número 14 de la *Reconvención*,[17] por lo que el segundo señalamiento de error tampoco se cometió. En ese sentido, y al no señalarse como error la apreciación de la prueba, resulta forzoso confirmar la *Sentencia* apelada.

**IV**

Por las razones que anteceden, modificamos el dictamen apelado, a los únicos efectos de incluir expresamente que el Tribunal de Primera Instancia dio por admitidas las alegaciones 8, 9, 10, 11, 13, 15 y 16. Así modificada, confirmamos la *Sentencia* apelada.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

La jueza Ortiz Flores concurre con el resultado sin escrito.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[17] En la alegación número 14 de la *Reconvención* la parte apelante arguyó que: "Posteriormente, la demandada, a partir del año 2010, hizo actos de dominio en concepto de dueña sobre la propiedad. Esta[s], vivían el inmueble, invitaban al inmueble [a] familiares y amigos, limpiaban sus alrededores, pagaban las utilidades, pintaban la casa, le hizo las reparaciones necesarias y agrandó el inmueble al construirle un cuarto[;] además, ha criado sus hijos en el inmueble". Véase, Anejo 2 del recurso, pág. 7.